Baxter *v.* Thompson.

---

## Portus Baxter *v.* Otis Thompson.

### *Action of Account.*

In the action of account, matter, which shows that defendant is under no obligation to account, cannot be pleaded before the auditor; if defendant would avail himself of such an objection, he must plead it specially in bar of the action, before judgment to account is rendered.

Where the accounting grew out of a contract made by the parties in 1845, in relation to growing hops, the auditors in adjusting the accounts of the parties, would be confined to the dealings growing out of the contract.

And where by the terms of the contract, the hops raised or their proceeds, when prepared for market, were to be equally divided between the parties, and the defendant took the plaintiff's share to market without his knowledge or consent,

Baxter *v.* Thompson.

*—Held*—that defendant could not charge plaintiff with the freight and commission for selling said hops, as the obvious meaning of the contract is, that if a sale was made by their mutual consent, the avails were to be divided equally; but if not sold in that manner the hops were to be divided, and each party receive their proportion.

ACTION OF ACCOUNT. Judgment to account was rendered in the county court, and auditors were appointed, who reported in substance as follows :

That plaintiff's action was founded upon a written contract, of which the following is a copy : " Otis Thompson will set out one acre of hops, in the rear of N. West's, for Portus Baxter, he will take all necessary care of them, and prepare them for market. Portus Baxter is to furnish poles, and put on the ground all necessary manure, and put it on the hills or ground and cover it with sufficient dirt; said Baxter is to prepare two cords of four foot wood cut and put into the hop house on his premises, and furnish one half of the sacking. The hops when prepared for market or their proceeds, are to be equally divided between them, said Baxter & Thompson, and the contract to remain in force for six crops of hops.

(Signed,)      OTIS THOMPSON,.<br>PORTUS BAXTER."

Derby, April 30, 1845.

That the matter of accounting was confined to the proceeds of the hop yard, for the year 1849, so far as the above contract came in question. The plaintiff presented the follow*ing* account :

Otis Thompson,

To Portus Baxter,      Dr.

1849, To 750 lbs. of hops, being my share of the hops raised in yard back of church this year, belonging to the ——— at 16 cts. per lb.,    $120,00

1848, April, 2 tons of hay,    12,00

1846, To cash paid you on Quebec contract,    12,50

Interest,    5,25

$149,75

That the whole crop of hops for the year 1849, was 1022 pounds, and plaintiff's share was 511 pounds, which the auditors allowed to the plaintiff at 16 cents per pound, in all $81,76,

and interest on the same, $20,43; they also allowed the plaintiff for one and three fourths tons of hay, $8,75, and interest on same $2,96. They thus allowed plaintiff on his account $113,90, and the other item in the plaintiff's account, the same being objected to, the auditors disallowed, as having no connection with the contract between the parties in relation to the hops raised in 1849; but growing out of a certain other contract originally entered into by the defendant and a party in Quebec, but which the plaintiff became interested in, by an arrangement with the defendant. The defendant presented an account in offset amounting to $96,52. The following items of which, the auditors allowed.

| | |
|---|---:|
| 1 Trowel to lay brick, | $1,00 |
| Freight of 4 bales of hops to the line, | 34 |
| 2 Cords of wood in 1849, | 3,50 |
| 2 " " " in 1850, | 3,50 |
| Carrying manure to vine yard, | 1,25 |
| Sharpening hop poles, | 2,50 |
| 1 Birch tree for hop press, | 1,00 |
| 1 Bush scythe, | 1,50 |
| 2 Cords of wood in 1851, | 3,50 |
| 1 pound of twine, | 50 |
| 17 1-2 yards bagging, | 3,50 |
| Note and interest, | ,32 |
| Interest to date, | ,89 |
| | $39,30 |

The following charges the auditors disallowed subject to the opinion of the court.

| | |
|---|---:|
| To going to Quebec and expenses, | $16,50 |
| Paid for trucking hops in Boston, | 25 |
| Paid for getting them inspected, | 1,00 |
| Paid for inspecting 511 pounds of hops, | 51 |
| Paid freight on same from Derby to Boston, | 5,11 |
| Paid for storage of hops in Boston, | 58 |
| Freight and truckage to Albany, | 3,50 |
| Paid freight to Western depot, | 50 |
| Commission for selling hops, 511 lbs., | 4,50 |
| Discount on $71,54, | 7,16 |
| 5 hop sacks to use in yard $6,50, and use of team to draw hops, | 21,50 |
| | $61,13 |

HARVARD LAW SCHOOL LIBRARY

The auditors found, that the defendant took the said hops to market without the knowledge or consent of the plaintiff, and allowed the plaintiff, to balance accounts the sum of $73,60.

The County Court, December Term, 1853,—Poland, J., presiding,—accepted the report and rendered judgment thereon, for plaintiff to recover the amount found due by the auditors.

Exceptions by defendant.

*Cooper & Bartlett* for defendant.

*H. F. Prentiss* for plaintiff.

The opinion of the court was delivered by

Isham, J. Whether a demand in this case, was necessary before the commencement of this action; and if so, whether in this instance, the demand was sufficient, are questions which do not properly arise on this report. No matter can be pleaded before the auditors, which shows that the defendant is under no obligations to account in this action. It should have been specially pleaded in bar of the action, before judgment to account was rendered. That objection, if it exists, must be treated as waived by not pleading the matter in bar, before the rendition of that judgment. 1 Steph. N. P. 3. Com. Dig. accompt F. 11.

The plaintiff has filed no exceptions to the acceptance of this report. The balance due the plaintiff as allowed in the items of charge, is $74,60, but by some mistake was carried out at the sum of $73,60, on which the judgment was rendered. This matter, however, cannot now be corrected, unless the judgment is reversed for some cause, for which exceptions were taken by the defendant; in which event, the accounts on both sides would be opened, and it would then be the duty of this court to render such a judgment as should have been rendered by the county court.

In relation to the plaintiff's account, we perceive no error for which this judgment should be reversed. No sum has been allowed against the defendant, for which he has reason to complain. The charge for $12,50, for money paid on the contract of December 14, 1846, for the sale of hops in the city of Quebec, was properly not included in the balance as allowed by the auditors. The charge constituted no part of their dealings, arising out of the con-

tract of April 30th, 1845. The auditors have found that the contract on which this money was paid, was put an end to by the defendant, and that the plaintiff has lost the benefit of this contract by that act. Whether the plaintiff can recover back that money and if so, whether the whole, or a proportional part, we are not called upon now to decide ; as it is a matter for which assumpsit is the more appropriate form of action, and which as it is objected to, cannot be investigated in this action of account. There are other items of charge in the plaintiff's, as well as the defendant's account, which probably were subject to the same objections, but which were allowed without objection at the time, and for which no exceptions were taken. We refer to the charge for hay in the plaintiff's account, and to the charge for a note and interest thereon, in that of the defendant. But as no objections were taken, or exceptions allowed for that matter, it is no cause for reversing the judgment.

The more important questions in the case, arise from the disallowance of a portion of the defendant's account. The charge of $16,50, for going to Quebec and expenses, were properly disallowed, for the same reason that the $12,50 were disallowed in the plaintiff's account. The charges from the 4th to the 16th inclusive, amounting to the sum of $15,95, we think, under the circumstances of the case, were properly disallowed. They all depend upon the same question, whether the defendant was justified in taking and transporting to market and selling Mr. Baxter's share of the hops, raised during the year 1849. It is to be observed, that this is not a case of consignment of hops to be sold on commission ; nor is it the case, where joint owners of property have requested one of their number to dispose of the property with an understanding express or implied that compensation was to be paid for such services ; on the contrary, the auditors expressly find, that the hops belonging to Mr. Baxter, were taken by the defendant, with a large quantity of his own, and transported to Boston, Albany, and Philadelphia, for sale, without the knowledge of, or consultation with Mr. Baxter, for which these charges for freight, inspection, and commission, &c. are made. By reference to the contract, we find that the hops or their proceeds, when prepared for market, were to be equally divided between them. The understanding of the parties in that contract is quite obvious. If

Baxter *v.* Thompson.

a sale was made by their mutual consent, the avails were to be equally divided; but if not sold in that manner, the hops were to be divided, so that each of the parties could receive their proportion, and thereby be enabled to make such a disposition of their respective shares, as they saw fit. Neither of these parties intended to give the other the right of transporting his share of this property to a distant market, and subjecting himself to such expenses, without his knowledge or consent. There was no express stipulation to that effect, *and none is to be implied from the mere relation of joint ownership.* It may have been for the interest of one to sell, and of the other to retain his proportion for present or future use. These principles were fully recognized by Chancellor KENT, in the case of *Franklin* v. *Roberson,* 1 Johns. Ch. 157, and of *Bradford* v. *Kinsbuly,* 3 Johns. Ch. 433. *Thornton* v. *Preston,* 1 Aust. 94.

The same, and still greater objections, exist in relation to the charge of $7,16, being the discount at the rate of 10 per cent., on the sale of a note given for the hops. If a special authority had been given to sell, it would not have authorized a sale on credit, but only for ready money. 1 Amer. Lead. Cases 630. The defendant had no right to sell and take the note and dispose of it at such discount, and charge the owner of the goods with the amount; *a fortiori,* such right does not exist in a case like the present, where the party had no authority or power to sell even for ready money. Paley on Agency 26–173. The other items in the defendant's account depended upon mere questions of fact, and on which the finding of the auditor is conclusive. The objections to the deposition have not been insisted upon, at this hearing of the case. The result is, that the judgment of the County Court is affirmed.